IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOANN KIRNER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 11-cv-00594-WDS-DGW |
| | ) |
| TRANSAMERICA LIFE INSURANCE COMPANY, an Iowa Corporation, | ) ) |
| | ) |
|    Defendant. | ) |

## HIPAA QUALIFIED PROTECTIVE ORDER

This matter is before the Court on the parties' Agreed Motion for HIPAA Protective Order (Doc. 13). The motion is **GRANTED**.

The motion seeks access to Plaintiff's decedent, Donald J. Kirner's, medical records and a protective order to restrict the use of such records, which are private and confidential pursuant to the Health Insurance Portability and Accountability Act (HIPAA). Rule 26 of the Federal Rules of Civil Procedure permits litigants to seek an order to protect relevant and discoverable material. Defendant stipulates that Donald J. Kirner's medical records will only be used for the purposes of this litigation, and that a protective order will secure the decedent's protected health information from unauthorized disclosure. The Court finds that good cause exists for issuance of an order permitting limited disclosure of such information, and that entry of this Order is appropriate pursuant to Federal Rule of Civil Procedure 26(c).

**THEREFORE, IT IS HEREBY STIPULATED AND ORDERED:**

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to DONALD J. KIRNER, deceased, to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160. 13) are hereby authorized to disclose protected health information pertaining to DONALD J. KIRNER to attorneys representing JOAN KIRNER and Defendant in the above-captioned litigation.

4. The Parties and their attorneys shall be permitted to use or disclose the protected health information of DONALD J. KIRNER for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing DONALD J. KIRNER's protected health information to persons involved in this litigation, counsel shall inform each such person that DONALD J. KIRNER's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving DONALD J. KIRNER's protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received

from counsel pursuant to paragraph four of this Order, shall return DONALD J. KIRNER's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to DONALD J. KIRNER, *except* that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information pertaining to DONALD J. KIRNER that comes into possession of the parties or their attorneys from a source other than a "covered entity," as that term is defines in 45 C.F.R § 160.103.

8. Nothing in this Order authorizes counsel for the Defendant to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file DONALD J. KIRNER's protected health information under seal.

**IT IS SO ORDERED.**

DATED:  October 18, 2011

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**